UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

TRUSTEES OF THE LOCAL 1034 I.B.T.
INSURANCE TRUST FUND, THE LOCAL 1034
I.B.T. PENSION TRUST FUND, and THE
LOCAL 813 AND LOCAL 1034 SEVERANCE
TRUST FUND,

                    Plaintiffs,

    -against-

DURA VAULT CORP.,

                    Defendant.

------------------------------------X

DOCKET & FILE

**NOT FOR PUBLICATION**

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

09-CV-3108 (KAM)(VVP)

**MATSUMOTO, United States District Judge:**

       Trustees of the Local 1034 I.B.T. Insurance Trust Fund, the Local 1034 I.B.T. Pension Trust Fund, and the Local 813 and Local 1034 Severance Trust Fund ("plaintiffs") brought this action against the defaulting defendant, Dura Vault Corp. ("Dura Vault") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. and the Labor Management Relations Act of 1947 alleging violations of a collective bargaining agreement ("CBA") between Dura Vault and the Local 1034 I.B.T. (See Doc. No. 1, Complaint.) Plaintiffs seek to recover monies owed to various employee benefit funds due to Dura Vault's failure to make contributions as required by the CBA, plus interest, liquidated damages, and attorneys' fees and costs. (See id. ¶¶ 14-15.)

       On April 5, 2010, the court respectfully referred this

matter to Magistrate Judge Victor Pohorelsky for a report and recommendation ("Report & Recommendation" or "R&R"). (See Order dated 4/5/10.) On July 14, 2010, Judge Pohorelsky issued a thoroughly researched Report and Recommendation recommending that the court award damages, interest, and attorneys fees and costs against Dura Vault. (See Doc. No. 8, R&R dated 7/14/10.) The Report and Recommendation also directed counsel for the plaintiffs to serve a copy of the Report and Recommendation by regular mail and to file a declaration of service with the court. (R&R at 11.)

On that same date, notice and a copy of Judge Pohorelsky's Report and Recommendation was sent electronically to plaintiffs via the court's electronic filing system. (See Docket Text accompanying 7/14/10 R&R.) Additionally, on July 20, 2010, Plaintiffs' counsel filed a declaration indicating service of the Report and Recommendation upon Dura Vault by first class mail. (Doc. No. 9, Decl. of Service dated 7/20/10.) The Report and Recommendation notified the parties of the right to file written objections within fourteen (14) days of receipt of the Report and Recommendation. (See R&R at 10-11.) Taking into account the three additional days required for service by mailing, the fourteen-day period for objections expired on August 6, 2010. See Fed. R. Civ. P. 5(b)(2)(C) and 6(d); see also Fed. R. Civ. P. 72(b)(2). Accordingly, the period for filing objections for all

parties has now expired, and no objections to the Report and Recommendation have been filed to date.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Pohorelsky's well-reasoned Report and Recommendation, the court finds no clear error and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. Plaintiffs are accordingly entitled to damages against Dura Vault as follows:

- For the audit period from 2004 to 2007, unpaid fringe benefit contributions in the amount of $15,495.00;
- For the period from October 2008 to May 2009, unpaid fringe benefits fund contributions in the amount of $32,025.00;

3

- Accrued interest on $32,025.00 at the rate of 3.82% per annum from July 23, 2009 through the date of judgment;

- Liquidated damages of 1.5% per month on $32,025.00 from July 23, 2009 through the date of judgment; and

- Attorneys fees and costs in the amount of $1,760.00

Counsel for plaintiffs shall serve a copy of this order upon Dura Vault and file a declaration of service by August 25, 2010. The Clerk of the Court is respectfully requested to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: August 23, 2010
       Brooklyn, New York

_____/s/_____
**Kiyo A. Matsumoto**
United States District Judge